IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHEN E. SNYDER, AS TRUSTEE FOR THE LIQUIDATION OF CONSOLIDATED INVESTMENT SERVICES, INC., | Civil No. 07-6053-HO<br><br>ORDER |
| Plaintiff, | |
| v. | |
| FLOWORKS, INC., a Nevada corporation, and LANGENGURG RESEARCH, INC., a Nevada corporation, | |
| Defendants. | |

The complaint includes a claim for a resulting trust over real property, and alternative claims for intentional or constructive fraudulent transfer. Plaintiff seeks a resulting or constructive trust, declaratory and injunctive relief and a money judgment. Defendant Langenburg Research, Inc. (LRI) filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. As discussed below, the complaint

is not deficient for the reasons cited by LRI.  LRI's motion to dismiss is denied.

## Allegations of the Complaint

Allegations of material fact in the complaint are taken as true and construed in the light most favorable to plaintiff. American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

Defendant FLOWorks is a corporation owned and controlled by Lewis E. Graham.  By order dated February 13, 2005, the United States District Court for the Northern District of California confirmed plaintiff's right to payment from FLOWorks.  An arbitrator set the amount of the payment at $1,811,669, including costs and prejudgment interest.[1]

On April 4,2005, Graham caused FLOWorks to enter into an assignment agreement with defendant LRI.  FLOWorks agreed to assign contractual rights to other payments to LRI in exchange for equivalent value consisting of, inter alia, a one third interest in real property to be procured by LRI.  A copy of the assignment agreement is attached to the complaint as exhibit 3.

On June 14, 2005, FLOWorks transferred nearly $2,4 million to LRI.  On or about July 29, 2005, LRI closed the purchase of real property located in Eugene, Oregon, with title to the

---

[1] Plaintiff's motions to confirm the arbitration award, for entry of judgment and for certification of the judgment for registration in Oregon are pending.

2 - ORDER

property to be conveyed to LRI and an entity known as SSLLC, as tenants in common. LRI contributed $500,000 towards the purchase using a portion of the funds received from FLOWorks. SSLLC contributed $3,000,000. LRI and SSLLC executed a promissory note for the remaining balance of $1,898,000. LRI paid the balance of the note on or about March 3, 2006.

LRI and SSLLC's successor, SSI-Nevada, hold title to the Eugene property. FLOWorks controls the Eugene Property as the manager of SSI-Nevada. Graham created SSI-Nevada at a time unknown to plaintiff.

FLOWorks is the beneficial and equitable owner of the interest in the Eugene property held by LRI. In the alternative, the transfer of nearly $2,4 million from FLOWorks to LRI was fraudulent, because the transfer was made with the actual intent to hinder, delay or defraud plaintiff, was made without consideration or for less than equivalent value, and rendered FLOWorks insolvent.

## Discussion

LRI argues that plaintiff fails to state a claim for a resulting trust because the complaint alleges no fiduciary relationship between FLOWorks and LRI. LRI argues that plaintiff fails to state a claim for intentionally fraudulent conveyance because the complaint does not contain specific allegations of LRI's intent. LRI further argues that all claims fail because

3 - ORDER

plaintiff may not contradict exhibits attached to the complaint evincing that FLOWorks received adequate consideration for its payment of approximately $2.4 million to LRI.

The agreement that LRI would provide equivalent value for funds received from FLOWorks does not establish adequate consideration as a matter of law, simply because plaintiff attached the agreement to the complaint. <u>Gant v. Wallingford Bd. of Educ.</u>, 69 F.3d 669, 674 (2nd Cir. 1995) (discussing operation of Fed. R. Civ. P. 10(c)). The following passages of the complaint properly allege LRI's intent generally. <u>See</u> Fed. R. Civ. P. 9(b).

> This fraudulent intent was shared by Graham, FLOWorks and LRI, as demonstrated by the facts including that the Transfer was made at a time when the Trustee's litigation against FLOWorks was already pending, and was made and received in bad faith.
>
> At the time of the Transfer, both FLOWorks and LRI intended that FLOWorks'[s] assigned cash would be used to purchase an interest in the Oregon real estate, on behalf of FLOWorks and for its benefit, in order to hinder, delay or defraud FLOWorks'[s] creditors, including the Trustee.

Complaint, ¶¶ 38-39. The resulting trust claim does not fail simply because LRI is not labeled as FLOWorks's fiduciary. Paragraphs 31 and 38 of the complaint sufficiently allege that FLOWorks transferred its funds to LRI with the intent that LRI would purchase and hold property for the benefit of FLOWorks, in an attempt to conceal or protect FLOWorks's interest in the property from plaintiff. <u>See</u> <u>Hurlbutt v. Hurlbutt</u>, 585 P.2d 724

4 - ORDER

(Or. App. 1978).

## Conclusion

Based on the foregoing, defendant LRI's motion to dismiss [#9] is denied.

IT IS SO ORDERED.

DATED this 10th day of September, 2007.

                            _____
                            United States District Judge

5 - ORDER